

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-07-431-CR

ERIC D. STONE                                                         APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Eric D. Stone appeals from a conviction for aggravated sexual assault of a child committed on or around November 1, 2001.  Stone pleaded guilty to two counts of aggravated sexual assault, and the jury assessed his punishment at ninety-nine years' confinement on each count.  The trial court imposed the punishment assessed by the jury and ordered the sentences to run

---

[1] *See* TEX. R. APP. P. 47.4.

concurrently. Stone's appellate counsel has filed an *Anders* brief asserting that there are no grounds that could be argued successfully on appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Because we hold that any appeal from this case would be frivolous, we will grant counsel's motion to withdraw and affirm the trial court's judgment.

## II. *Anders* Brief

Stone's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In his motion, counsel avers that he has conducted a professional evaluation of the record and, after a thorough review of the applicable law, has reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous. In his brief, counsel has reviewed the history of the case, including detailing the evidence presented. Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *Id.*; *see Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Stone was given the opportunity to file a pro se brief on his own behalf, but he chose not to do so.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

Because Stone entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

### III. CONCLUSION

We have carefully reviewed the appellate record and counsel's brief. We agree that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Therefore, we grant the motion to

withdraw filed by Stone's appellate counsel and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL F: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: July 3, 2008

4